1

2

3

4

5

6

7               **UNITED STATES DISTRICT COURT**

8                        **DISTRICT OF NEVADA**

9

10   MATTHEW ALEXANDER,

11          Plaintiff,                                Case No. 2:13-cv-02005-LDG-NJK

12   v.                                               **ORDER**

13   GOLDEN NUGGET, INC., and GNLV,
     CORP.,
14
            Defendants.
15

16
         The plaintiff, Matthew Alexander, moves to amend his complaint, removing Golden

17
     Nugget, Inc., as a defendant, and adding Landry's, Inc., Landry's Management, L.P.

18
     (collectively "Landry's"), and GNL, Corp., as additional defendants (#24).  He also seeks to

19
     add additional factual allegations.  The defendants do not oppose removing Golden

20
     Nugget, Inc., and adding GNL, Corp., but oppose adding Landry's (#31).  The Court will

21
     grant the motion to amend as to removing Golden Nugget, Inc., and adding GNL, Corp.,

22
     but will deny the motion as to adding Landry's.  Insofar as the plaintiff seeks to add new

23
     factual allegations relating to GNLV or GNL, the motion will be granted.  Insofar as the

24
     plaintiff seeks to add factual allegations relating to Landry's, the motion will be denied.

25

26

1      Motion to Amend

2      When a plaintiff's motion for leave to amend has been brought pursuant to Fed. R.

3  Civ. P. 15(a)(1), "[t]he court should freely give leave when justice so requires."  However,

4  "[a] motion for leave to amend may be denied if it appears to be futile or legally insufficient."

5  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209 (9th Cir. 1988).  ". . . [A] proposed amendment is

6  futile only if no set of facts can be proved under the amendment to the pleadings that

7  would constitute a valid and sufficient claim or defense."  *Id.*  In establishing this standard,

8  the Ninth Circuit cited *Moore's Federal Practice* for the proposition that the "proper test to

9  be applied when determining the legal sufficiency of a proposed amendment is identical to

10  the one used when considering the sufficiency of a pleading challenged under Rule

11  12(b)(6)."  *See* 3 J. Moore, *Moore's Federal Practice* ¶ 15.08[4] (2d ed. 1974).  The

12  defendants, citing a recent case from the District of Nevada, argue that the modern test for

13  determining futility should therefore be the plausibility standard presently applied by courts

14  to Rule 12(b)(6) motions (#31, 3:1-5); *Sequoia Elec., LLC v. Trustees of Laborers Joint*

15  *Trust Fund,* 2013 WL 321661 (D. Nev. 2013).[1]

16      Under this standard, as summarized by the Supreme Court, a plaintiff must allege

17  sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its

18  face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Nevertheless, while a

19  complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the

20  'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

21  formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555 (citations

22  omitted).  In deciding whether the factual allegations state a claim, the court accepts those

23

24     [1] See also *Dearaujo v. PNC Bank, Nat. Ass'n*, 2012 WL 5818131 (D. Nev. 2012); *Bank of Las Vegas v. Cole*, 2012 WL 5465803 (D. Nev. 2012); *Guangyu Wang v.*

25  *University of Nevada, Reno*, 2012 WL 5843163 (D. Nev. 2012); *Shlesinger v. Bank of America, N.A.*, 2012 WL 2995698 (D. Nev. 2012); *Barnhart v. Chevy Chase Bank, FSB*,

26  2010 WL 4983448 (D. Nev. 2010); *Tai-Si Kim v. Kearney*, 2010 WL 3603651 (D. Nev. 2010).

2

1   allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a

2   judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319,

3   327 (1989).  Further, the court "construe[s] the pleadings in the light most favorable to the

4   nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F3.d 895, 900 (9th

5   Cir. 2007).

6        However, bare, conclusory allegations, including legal allegations couched as

7   factual, are not entitled to be assumed to be true.  *Twombly*, 550 U.S. at 555.  "[T]he tenet

8   that a court must accept as true all of the allegations contained in a complaint is

9   inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "While

10  legal conclusions can provide the framework of a complaint, they must be supported by

11  factual allegations." *Id.* at 679.  Thus, this court considers the conclusory statements in a

12  complaint pursuant to their factual context.

13       To be plausible on its face, a claim must be more than merely possible or

14  conceivable.  "[W]here the well-pleaded facts do not permit the court to infer more than the

15  mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the

16  pleader is entitled to relief." *Id.* (citing Fed. R. Civ. P. 8(a)(2)).  Rather, the factual

17  allegations must push the claim "across the line from conceivable to plausible." *Twombly.*

18  550 U.S. at 570.  Thus, allegations that are consistent with a claim, but that are more likely

19  explained by lawful behavior, do not plausibly establish a claim.  *Id.* at 567.

20       Under this standard, the Court finds that the addition of Landry's to the instant

21  complaint is futile.

22       Analysis

23       Both the original complaint and the proposed amended complaint are brought under

24  the Fair and Accurate Credit Transactions Act (FACTA), which amended the Fair Credit

25  Reporting Act (FCRA), and which states, "No person that accepts credit cards or debit

26  cards for the transaction of business shall print more than the last five digits of the card

1  number or the expiration date upon any receipt provided to the cardholder at the point of

2  sale or transaction."  15 U.S.C. § 1681c(g).  The statute provides for statutory damages if

3  this provision is violated willfully.  15 U.S.C. § 1681n(a).  In the original complaint, the

4  plaintiff's primary goal was to sufficiently allege that the defendants were aware of FACTA's

5  provision, because the Supreme Court has held that willful violations in this context

6  included both knowing violations and objectively reckless violations.  *Safeco Insurance Co.*

7  *v. Burr*, 551 U.S. 47, 57 (2007).  In the proposed amended complaint, the plaintiff argues

8  further that Landry's was not only aware of FACTA's provisions, but attempted to follow its

9  provisions.  The plaintiff makes the following factual allegations regarding Landry's:

10      35.  Landry's senior management understood FACTA and attempted to
        implement FACTA compliance across its various retail point of sale
11      businesses.

12      . . .

13      38. . . . Landry's, Inc. and Landry's Management, L.P. implemented the point
        of sale hardware and software used at the Golden Nugget Hotel & Casino in
14      Las Vegas and the Golden Nugget Hotel & Casino in Laughlin.  For these
        retail locations, Landry's Inc. and Landry's Management, L.P. determined the
15      measures necessary to ensure compliance with FACTA and attempted to
        implement FACTA-compliant point of sale receipts.
16      (#24, Exhibit A)

17      In *Safeco*, the Supreme Court held that "a company subject to FCRA does not act in

18  reckless disregard of it unless the action is not only a violation under a reasonable reading

19  of the statute's terms, but shows that the company ran a risk of violating the law

20  substantially greater than the risk associated with a reading that was merely careless."

21  *Safeco* 551 U.S. at 69.

22      Several district courts have held that being aware of FACTA, and yet doing nothing to

23  implement its provisions, is sufficient to demonstrate a wilful violation.[2]  Other district courts

24

25      [2]  See, e.g., *Ramirez v. MGM Mirage, Inc.*, 524 F. Supp. 2d 753 (D. Nev. 2007);
    *Buechler v. Keyco, Inc.*, 2010 WL 1664226 (D. Md. 2010); *Kubas v. Standard Parking
    Corp.*, 594 F. Supp. 2d 1029 (N.D. Ill. 2009);  *Romano v. Active Network Inc.*, 2009 WL
26  2916838 (N.D. Illinois 2009).

1 have held that simply being aware of FACTA is insufficient to demonstrate a wilful violation.[3]

2 The allegations in the plaintiff's proposed amended complaint do not fall easily within either

3 category.  Rather, the allegations appear similar to the situation in *Vidoni v. Acadia Corp.*,

4 2012 WL 1565128 (D. Maine 2012).  In *Vidoni*, a plaintiff alleged that a defendant

5 corporation had been made aware of FACTA's provisions through the wide publicity

6 surrounding the act, and had brought some of its locations into compliance with the act, but

7 nevertheless printed the plaintiff's credit card expiration date on a receipt at one of their

8 restaurants.  The court held that "[m]erely being aware of a statute . . . is insufficient to state

9 a claim for willfulness.  In cases where the Defendant is aware of a statute's requirements,

10 the Plaintiff must also allege that there was something more than a negligent violation, *i.e.* a

11 voluntary, deliberate, or intentional violation." *Id.* at 4, citing *McLaughlin v. Richland Shoe*

12 *Co.*, 486 U.S. 128, 132-33 (1988).  "The only reasonable inference from the Defendant's

13 failure to implement FACTA at one of its locations and not others is that the Defendant's

14 failure was inadvertant . . . The Defendant's conduct may have been negligent, but, on the

15 facts alleged in the complaint, it was not willful." *Id.*  at 4.

16      The same logic applies to the plaintiff's proposed amended complaint.  Accepting the

17 plaintiff's allegations as true, Landry's did not knowingly violate FACTA.  On the contrary,

18 according to the plaintiff's allegations, Landry's was attempting to comply with FACTA.

19 Similarly, the plaintiff's proposed amended complaint does not allege that Landry's

20 incompletely implemented FACTA's provisions due to a careless reading of the statute, let

21 alone that the attempted implementation "ran a risk of violating the law substantially greater"

22 than carelessness.  Therefore, the plaintiff has not alleged a reckless violation of FACTA.

23 As in *Vidoni*, the "only reasonable inference" to be drawn from the plaintiff's allegations is

24

25 [3] See, e.g., *Komorowski v. All-American Indoor Sports, Inc.*, 2013 WL 4766800 (D. Kansas 2013); *Seo v. CC CJV American Holdings, Inc.*, 2011 WL 4946507 (C.D. Cal. 2011); *Rosenthal v. Longchamp Coral Gables*, 603 F. Supp. 2d 1359 (S.D. Florida 2009);

26 *Huggins v. SpaClinic LLC*, 2010 WL 963924 (N.D. Ill. 2010).

1  that Landry's failure to comply with FACTA was inadvertent; negligent, perhaps, but not

2  wilful.

3      Accordingly,

4      THE COURT **ORDERS** that Plaintiff's Motion to File under Seal Plaintiff's Reply

5  (#34) is GRANTED;

6      THE COURT FURTHER **ORDERS** that Plaintiff's Motion for Leave to File Amended

7  Complaint (#24) is GRANTED as to the removal of Golden Nugget, Inc., the addition of

8  GNL, Corp., and the addition of allegations relating to these parties, and is DENIED as to

9  the addition of Landry's, Inc., and Landry's Management, L.P., and the addition of any

10 allegations relating to those parties.

11     THE COURT FURTHER **ORDERS** that Plaintiff may file an Amended Complaint

12 within the contours of this Order within fifteen (15) days.

13     THE COURT FURTHER **ORDERS** that Defendants' Motion to Dismiss (#13) is

14 DENIED as moot.

15

16  DATED this ___15___ day of July, 2014.

17

18                                    _____
                                     Lloyd D. George
19                                    United States District Judge

20

21

22

23

24

25

26

6