1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MATTHEW ALEXANDER,                           )
                                              )        Case No. 2:13-cv-02005-LDG-CWH
              Plaintiff,                       )
                                              )        **ORDER**
vs.                                           )
                                              )
GOLDEN NUGGET, INC., *et al*.,                )
                                              )
              Defendants.                     )
_____)

**INTRODUCTION**

This matter is before the Court on Defendants GNLV Corp. and GNL Corp.'s ("defendants")
motion for protective order (doc. # 71), filed October 10, 2014, Plaintiff Matthew Alexander's
("plaintiff") response (doc. # 74), filed October 16, 2014, and defendants' reply (doc. # 79), filed
October 27, 2014.  No hearing was conducted in this matter.

**BACKGROUND**

The instant action is brought pursuant to the Fair and Accurate Credit Transaction Act
("FACTA"), which prohibits persons engaged in a credit card transaction from electronically printing
on the receipt more than the last five numbers of the credit card number or the expiration date.  See
Doc. # 1. Plaintiff alleges that in October 2013, he made three separate purchases at defendants' stores
and received electronically printed receipts containing his credit card's expiration date.  Id.  Plaintiff
alleges that defendants willfully and/or recklessly violated the FACTA by continuing to print the
expiration date on credit card receipts despite having more than five years to comply with the statute.
Id.  Plaintiff seeks statutory and punitive damages, along with attorneys' fees, costs, and any other
appropriate relief.

//

1    Defendants now bring the instant motion because the parties dispute a provision in the working

2    protective order (i.e., protective order by agreement) that the parties have utilized since May 2014.

3    Specifically, the parties dispute the provision regarding compliance with Payment Card Industry

4    ("PCI") standards.

5                                              **DISCUSSION**

6    According to defendants, plaintiff objects to Section 3 of the working protective order because

7    Section 3 requires plaintiff to comply with PCI standards  before accessing the personally identifiable

8    information of defendants' customers.  Nevertheless, defendants contend that Section 3 is necessary

9    because it safeguards customers' personal information and protects defendants from potential expense

10   and liability.  Defendants also point out that Section 3 is in compliance with industry standards and

11   satisfies NRS 603A, Nevada's statute governing security of personal information.  Thus, defendants

12   conclude that good cause exists for the Section 3 provision.  See Doc. # 71 at 12-24 (defendants'

13   proposed protective order and confidentiality agreement).

14   Plaintiff, in opposition, argues that the working protective order is "overbroad and

15   unnecessary," as it requires plaintiff to invest in an expensive security system to comply with PCI

16   standards.  Doc. # 74 at 1.  Because plaintiff seeks only the "contact information" of defendants'

17   customers, which "is not the type of sensitive information [defendants] are obligated to protect with

18   such stringency," plaintiff submits he should not be subject to PCI standards for "large merchants."

19   Id. at 4.  Plaintiff also points out that defendants' website contains a privacy policy that states

20   customers' confidential information can be released under certain circumstances. Given such, plaintiff

21   submits that he is entitled to the information requested, and proposes a protective order that, among

22   others, eliminates Section 3.  See Doc. # 74-1 at 1-12 (plaintiff's proposed protective order and

23   confidentiality agreement).

24   In reply, defendants contend that, contrary to plaintiff's assertion, plaintiff has requested store

25   copies of credit and debit card receipts of defendants' customers that are subject to PCI standards.

26   Defendants further contend that, contrary to plaintiff's assertion, plaintiff has also requested personally

27   identifiable information of defendants' casino and hotel customers that are subject to PCI standards.

28   Indeed, per defendants, plaintiff has not been willing to waive future requests for additional credit card

1    information of defendants' customers.  Defendants also contend that while plaintiff argues the

2    information he requests does not present sufficient risk to warrant stringent access standards, plaintiff's

3    own expert has opined that small pieces of credit card information can be valuable in the hands of

4    criminals.  According to defendants, their proposed protective order simply means that certain

5    information may be produced with differing levels of "confidential" designations, and may be re-

6    designated or excluded from the provisions of the protective order.  Defendants then contend that their

7    proposed protective order only requires measures where the data requested is being removed "outside"

8    of defendants' properties, and plaintiff is free to evaluate the confidential information at defendants'

9    properties without implementing PCI standards.  Furthermore, defendants point out that plaintiff's

10   counsel should already have taken the steps necessary to comply with PCI requirements, especially

11   if plaintiff's counsel expects proposed class members to be comfortable with him representing them,

12   along with accessing and storing their confidential information.

13        Federal Rule of Civil Procedure 26(c) allows courts to issue a protective order limiting

14   discovery requests upon a showing of good cause "to protect a party or person from annoyance,

15   embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1).  "The burden is upon

16   the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result

17   from the discovery." Rivera v. NIBCO, 364 F.3d 1057, 1063 (9th Cir 2004).  Under Rule 26(c), a

18   court can issue protective orders: (A) forbidding disclosure or discovery; (B) specifying terms,

19   including time and place, for the disclosure or discovery; (C) prescribing a discovery method other

20   than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or

21   limiting the scope of disclosure or discovery to certain matters; (E) designating persons who may be

22   present while discovery is conducted; (F) requiring that a deposition be sealed and opened only on

23   court order; (G) requiring that a trade secret or other confidential research, development, or

24   commercial information not be revealed or be revealed only in a specified way; and (H) requiring that

25   parties simultaneously file specified documents or information in sealed envelopes, to be opened as

26   the court directs.  Fed.R.Civ.P. 26(c)(1)(A)-(H).

27        This Court agrees with defendants and finds that defendants have met their burden by showing

28   good cause for the protective order.  Plaintiff fails to provide any evidence or authority demonstrating

1  that he cannot and should not be expected to comply with PCI standards, especially since plaintiff

2  requests personally identifiable information governed by PCI standards and Nevada's security

3  measures statute, NSR 603A.  See NSR 603A.210; NSR 603A.215.  Plaintiff is free to review the

4  confidential information requested at defendants' properties without having to implement purportedly

5  "costly" PCI security measures.  Moreover, defendants suggest that they would be willing to work with

6  plaintiff to "re-designate" or "exclude" certain information from the provisions of the protective order.

7  Nevertheless, it is surprising and disturbing to hear that plaintiff's counsel still has not taken the steps

8  necessary to have his law firm fully comply with PCI standards, especially since he (along with his

9  firm) hopes to continue representing FACTA plaintiffs and gather proposed class members for the

10  instant FACTA litigation.

## CONCLUSION AND ORDER

12      Based on the foregoing and good cause appearing therefore,

13      **IT IS HEREBY ORDERED** that defendants' motion for protective order (doc. # 71) is

14  **granted**, with the Court adopting defendants' proposed protective order and confidentiality agreement.

15      **IT IS FURTHER ORDERED** that defendants shall file either a stipulated protective order

16  containing the parties' signatures, or a protective order for this Court's signature, **within ten days**

17  **from the issuance of this order**.

18      DATED:  November 14, 2014

20  _____
    **C.W. Hoffman, Jr.**
21  **United States Magistrate Judge**