PHILIP M. HYMANSON
Nevada Bar No. 2253
kummert@gtlaw.com
DONALD PRUNTY
Nevada Bar No. 8230
pruntyd@gtlaw.com
BETHANY L. RABE
NV Bar No. 11691
rabeb@gtlaw.com
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Fax: (702) 792-9002
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Matthew Alexander,<br><br>                    Plaintiff,<br>vs.<br><br>Golden Nugget, Inc. and<br>GNLV, Corp.,<br><br>                    Defendants. | Case No. 2:13-cv-02005-LDG-CWH<br><br>**PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT** |

The Court hereby orders that the following confidentiality agreement and protective order ("Order") shall be entered based on the following understandings:

A.   The parties to this case have engaged in discovery that has included the production of documents, answering of written interrogatories, responding for requests for admission and taking of depositions;

B.   Discovery may involve the disclosure of materials containing confidential and nonpublic personal private information;

C.   Discovery should be permitted to proceed without delay occasioned by disputes regarding the confidential and/or proprietary nature and uses of the confidential information;

1

**ACCORDINGLY, IT IS HEREBY ORDERED AS FOLLOWS:**

1. This Protective Order shall govern all documents, materials, depositions, testimony, transcripts, responses to requests for admissions, interrogatory responses, items, and/or other information obtained or provided through discovery in this action (collectively "Information") that a Party designates as "Confidential" or "Confidential – Attorney's Eyes Only" pursuant to the terms hereof (collectively "Confidential Information").

2. This Protective Order also shall govern information collected by Defendants or obtained from Defendants' strategic partners through which Defendants' customers can be identified, including a customer's name, address, e-mail address, telephone number(s), fax number, birth date, gender, credit card or bank account information, and social security number as well as the name, address, telephone number, banking information and credit information of a customer's firm/employer (collectively "Confidential Personal Information").

3. Defendants have requested this Court's approval of this Protective Order as Defendants' customers have not consented to the release of their Confidential Personal Information, and may take the position that releasing such information violates their privacy rights.

   a. Information designated as Confidential Personal Information will only be made available for inspection provided that the inspection occurs at Defendants' facilities.

      i. Because Defendants' customers may take the position that release of their Confidential Personal Information violates Defendants' Privacy Policy and/or their privacy rights, any Party who requests access to view Confidential Personal Information must indemnify Defendants and maintain and provide proof of insurance sufficient to cover the cost of litigation, settlement, and/or other resolution of any such dispute. Defendants should be named as additional insureds on any such policy.

   b. Information designated as Confidential Personal Information will not be produced outside of Defendants' facilities unless the Receiving Party can demonstrate the following:

      i. The Receiving Party has cybersecurity compliance measures in place that are at least as stringent as those of Defendants;

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

          ii.     Sensitive information, such as Social Security Numbers, State ID Numbers, credit card information, and banking information, is stored in an encrypted manner;

          iii.    The Receiving Party has a Written Information Security Plan in place;

          iv.    A mutually acceptable joint breach response plan is prepared, approved, and tested to ensure that the responsibilities for providing breach notification in compliance with all applicable state, federal, and international privacy laws are clear and notification is provided in a timely manner;

          v.     The Receiving Party has provided satisfactory proof of cyber liability insurance coverage sufficient to cover cost for Defendants' notification of the individuals whose data is provided as well as the cost of any regulatory investigation or litigation that may ensue should the Confidential Personal Information be disclosed without authorization; and

          vi.    The Receiving Party has complied with Payment Card Industry Data Security Standards (PCI DSS) for level 1 merchants, including verification of the following:

- Install and maintain a firewall configuration to protect cardholder data
- Do not use vendor-supplied defaults for system passwords and other security parameters
- Protect stored cardholder data
- Encrypt transmission of cardholder data across open public networks
- Use and regularly update anti-virus software
- Develop and maintain secure systems and applications
- Restrict access to cardholder data by business need to know
- Assign a unique ID to each person with computer access
- Restrict physical access to cardholder data
- Track and monitor all access to network resources and cardholder data
- Regularly test security systems and processes
- Maintain a policy that addresses information security

4.    In the event that Defendants are required to produce Confidential Personal Information pursuant to discovery in this action, and the Requesting Party has demonstrated that it

1  has complied with the provisions of Paragraph 3, Defendants may designate such Confidential
2  Personal Information as "Confidential Personal Information – Attorney's Eyes Only."

3      a. For documents, materials, or other written Information, designation shall be
4  made by conspicuously stamping or otherwise labeling each page or item containing confidential
5  information as "Confidential Personal Information" or "Confidential Personal Information --
6  Attorney's Eyes Only."

7      b. For interrogatories, designation shall be made by placing the legend
8  "Confidential Personal Information" on any page(s) of any answer deemed to contain such
9  confidential information, indicating any portion of such page which does not contain such
10  confidential information. Alternatively, answers deemed to contain Confidential Personal
11  Information may be bound separately and marked with the appropriate legend.

12      c. For testimony, designation as Confidential Personal Information shall be
13  made on the record or within 30 days after receipt of the official transcript. Until the 30 day period
14  has expired, the entire transcript shall be considered "Confidential Personal Information –
15  Attorney's Eyes Only." Such Party shall also require the reporter to label the portion of the
16  transcript containing the information as "Confidential Personal Information" or "Confidential
17  Personal Information – Attorney's Eyes Only."

18      d. A Party's inadvertent or unintentional failure to designate Information as
19  Confidential Personal Information shall not be deemed a waiver in whole or in part of that Party's
20  claim of confidentiality, if the disclosing Party takes prompt action after discovering such omission
21  to notify all Parties in writing that such Information constitutes Confidential Personal Information.
22  However, the Party who received that Information without knowledge of its confidential nature may
23  not be held in violation of this Order for using or disclosing that Information before notification of
24  the inadvertent or unintentional failure to designate that Information as Confidential Personal
25  Information.

26      5. Any Party that produces Information pursuant to discovery in this action and has a
27  good faith and reasonable basis for claiming that such Information constitutes confidential and/or
28  proprietary information may designate such Information as "Confidential Information." Any Party

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

1  that produces Information pursuant to discovery in this action and has a reasonable basis for
2  claiming that such Information would not be sufficiently protected as "Confidential Information"
3  (for example, because of a significant competitive advantage that is likely to be gained from it) may
4  designate such Information as "Confidential" or "Confidential – Attorney's Eyes Only."

5        a.     For documents, materials, or other written Information, a Party shall
6  designate such Information as Confidential Information by conspicuously stamping or otherwise
7  labeling each page or item containing confidential information as "Confidential" or "Confidential --
8  Attorney's Eyes Only."

9        b.     For interrogatories, designation shall be made by placing the legend
10 "Confidential" on any page(s) of any answer deemed to contain such confidential information,
11 indicating any portion of such page which does not contain such confidential information.
12 Alternatively, answers deemed to contain confidential information may be bound separately and
13 marked with the appropriate legend.

14       c.     For testimony, a Party shall designate such Information as Confidential
15 Information on the record or within 30 days after receipt of the official transcript.  Until the 30 day
16 period has expired, the entire transcript shall be considered "Confidential-Attorney's Eyes Only."
17 Such Party shall also require the reporter to label the portion of the transcript containing the
18 information as "Confidential" or "Confidential – Attorney's Eyes Only."

19       d.     A Party's inadvertent or unintentional failure to designate Information as
20 Confidential Information shall not be deemed a waiver in whole or in part of that Party's claim of
21 confidentiality, if the disclosing Party takes prompt action after discovering such omission to notify
22 all Parties in writing that such Information constitutes Confidential Information.  However, the
23 Party who received that Information without knowledge of its confidential nature may not be held in
24 violation of this Order for using or disclosing that Information before notification of the inadvertent
25 or unintentional failure to designate that Information as Confidential Information.6.         The
26 designation of information as "Confidential Information" pursuant to this Protective Order shall not
27 preclude any party from disclosing that information to any person who, in the case of a document,
28 appears as the author or as a recipient thereof on the face of the document, or from disclosing that

LV 420349320v1

1   information to any person who has been identified by the Designating Party as having previously
2   been provided with, or having had access to, the document or the information therein.

3         7.     In the event a Designating Party elects to produce documents for inspection and the
4   Receiving Party desires to inspect them before designating them for copying, the Designating Party
5   need not mark the documents in advance of any such inspection.  For purposes of the inspection,
6   and any subsequent inspection of the original documents, all documents produced for inspection
7   shall be deemed to be designated as Confidential Information.  Thereafter, upon selection of
8   specified documents for copying by the Receiving Party, the Designating Party may make the
9   appropriate confidentiality designation at the time the copies are produced to the Receiving Party.

10         8.     The Parties shall use information designated as Confidential, "Confidential –
11   Attorney's Eyes Only," Confidential Personal Information, or "Confidential Personal Information –
12   Attorney's Eyes Only" solely for purposes of this captioned action (including any appeals) and not
13   for any other litigation or business or other purpose whatsoever, unless the Court permits such
14   additional use or disclosure upon noticed Motion served on all parties, including the Party that
15   produced the Confidential Information or Confidential Personal Information.

16         9.     The Parties may use Confidential Information or Confidential Personal Information
17   in discovery responses, motions, briefs, and other pleadings, may mark Confidential Information
18   and Confidential Personal Information as exhibits, and may use Confidential Information or
19   Confidential Personal Information in depositions and at trial in this action as appropriate.  However,
20   the Parties agree to move to seal Confidential Information and Confidential Personal Information
21   filed with pleadings, motions or as evidence and will comply with the requirements of Local Rule
22   10-5(b) and relevant Ninth Circuit case law in so doing.

23         10.    Except as provided in Paragraph 9 above, or as otherwise agreed by the producing
24   Party, the Parties shall not disclose information marked as "Confidential" to anyone other than a
25   "Qualified Person."  As used in this Protective Order, the term "Qualified Person" refers to (a)
26   officers, directors, and employees of any party to this action who have provided their written
27   agreement to the terms of this Protective Order in the form attached as Exhibit A hereto and (i) who
28   are actively engaged in assisting counsel with the prosecution or defense of this action; or (ii) who

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

LV 420349320v1

are being advised by counsel regarding these actions and the particular disclosure is reasonably necessary with regard to the legal advice being rendered; (b) in-house lawyers who are engaged in preparation for trial and trial of this litigation, including the following necessary in-house staff: lawyers, accountants, legal assistants and stenographic and clerical employees assisting these persons; (c) outside litigation counsel for a Party, including employees of such counsel (including necessary legal assistants and stenographic and clerical employees actually assisting such counsel and outside vendors engaged by such counsel to scan, copy, and/or code documents), for purposes of assisting in this action; (d) expert witnesses or consultants employed by a Party or its attorneys of record for purposes of assisting in this action who have provided their written agreement to the terms of this Protective Order in the form attached as Exhibit A hereto; (d) any other person whose deposition is taken in this action and their attorney; provided, however, that Confidential Information may only be shown to said deponent and their attorney to the extent Confidential Information is used as deposition exhibits and, provided, however, that the deponent is not a principal, officer, director, or employee of a competitor of one of the parties.  If a deposition is proposed to be taken of such an individual associated with a competitor and a party wishes to use "Confidential Information" in the deposition, the party wishing to do so shall provide notice to the opposing party at least thirty (30) days in advance in order to give the other party the opportunity to object to such a proposed use, and in the event that the parties cannot come to an agreement on the proposed use of "Confidential Information" for deposition, the objecting party may seek a protective order from the Court; (e) any other person or entity as to whom counsel for the producer or provider of the "Confidential Information" agrees in writing, or whom the Court directs shall have access to such information; and (f) the Court and court personnel, including without limitation, court reporters, stenographic reporters, court appointed Special Masters, and jurors, or alternates. This Protective Order shall not prohibit any disclosure of "Confidential Information" as may be required by law to persons other than "Qualified Persons," but only upon order of the Court after notice to all other Parties.  With respect to those individuals who, pursuant to paragraph 10 above, are required to sign a copy of Exhibit A before receiving Confidential Information or information marked as "Confidential – Attorney's Eyes Only," the Parties agree that they shall mutually

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

LV 420349320v1

exchange all executed copies of "Exhibit A" relating to this action at the close of expert discovery.

11. Except as provided in Paragraph 7 above, or as otherwise agreed by the producing Party, the Parties shall not disclose information marked as "Confidential – Attorney's Eyes Only" to anyone other than the following subset of "Qualified Persons:"  (a) outside counsel for a Party, and employees of such attorneys (including vendors), for purposes of assisting in this action; (b) any other person or entity as to whom counsel for the owner/proprietor of the confidential information agrees in writing, or whom the Court directs shall have access to such information; (c) expert witnesses or consultants employed by a Party or its attorneys of record for purposes of assisting in this action who have provided their written agreement to comply with the terms of this Protective Order in the form attached as Exhibit A hereto; and (d) the Court and court personnel, including without limitation, court reporters, stenographic reporters, court appointed Special Masters, and jurors, or alternates. Prior to disclosing any information marked as "Confidential – Attorney's Eyes Only" to experts or consultants pursuant to this paragraph, Counsel for the party contemplating such disclosure shall determine that (i) disclosure to the expert of particular "Confidential Information" is, in that counsel's good faith judgment, necessary to that party's prosecution of the case, (ii) the expert is not, and is not believed to intend to become, affiliated with or employed by any entity that is or intends to become a competitor of the opposing party, and (iii) counsel has formed a good faith and informed belief that the individual has not previously violated any confidentiality agreement or order and is not likely to violate the terms of this Protective Order.  No Qualified Person shall disclose any "Confidential – Attorneys' Eyes Only" information to anyone other than a Qualified Person who falls within the limited subset of Qualified Persons identified in Paragraph 10; provided, however, this Protective Order shall not prohibit any disclosure of "Confidential – Attorney's Eyes Only" that may be required by law to persons other than "Qualified Persons," but only upon order of the Court after notice to all other Parties.  Also, no Qualified Person shall: (a) use Confidential Information for any purpose other than in connection with this action; or (b) disclose Confidential Information to anyone other than a Qualified Person who has agreed in writing to the terms of this Protective Order in the form attached as Exhibit A. No Qualified Person shall disclose any "Confidential – Attorneys' Eyes Only" information to anyone other than a

8

LV 420349320v1

Qualified Person who falls within the limited subset of Qualified Persons identified in Paragraph 10.

12.     Except as provided in Paragraph 7 above, or as otherwise agreed by the producing Party, the Parties shall not disclose information marked as "Confidential Personal Information – Attorney's Eyes Only" to anyone who does not meet the requirements of Paragraph 3.

13.     Within ninety (90) days from the conclusion of this litigation, whether by trial or by settlement, all Confidential Information and Confidential Personal Information, including any copies thereof, shall either be returned to the producing Party, or be certified as having been destroyed. Subject to the terms of this Protective Order, the attorneys of record, however, are permitted to keep a file copy of Confidential Information and Confidential Personal Information that were submitted to the Court, included in discovery responses, or contained in deposition transcripts. Also, the conclusion of this litigation shall not relieve any person to whom Confidential Information or Confidential Personal Information has been disclosed from the requirements of this Protective Order.

14.     If at any time during the pendency or trial of this action, any Party claims that another Party has unreasonably designated Information as "Confidential" or "Confidential – Attorney's Eyes Only," the objecting Party may, after a good faith attempt to resolve the dispute with such other Party, make an appropriate application to this Court, under seal, requesting that specifically identified Information be re-designated or excluded from the provisions of this Protective Order. Before making any application to the Court for Information to be re-designed, the Party must send written notice to the Designating Party that specifically identifies the challenge to the designation and which allows the Designating Party at least fourteen (14) days to re-designate the Information. If the Court determines that a Party's refusal to de-designate the Information as "Confidential" or "Confidential – Attorney's Eyes Only" was in bad faith, the Court shall award the moving Party its reasonable attorney's fees and costs incurred in the application proceeding. The burden of proof with respect to the upholding the designation shall be on the Party designating the information as "Confidential" or "Confidential – Attorney's Eyes Only."

15.     Notwithstanding any other provision hereof, this Protective Order shall not apply to any Confidential Information that: (a) is or becomes generally available to the public from a source

other than unauthorized disclosure by the Parties or their counsel, (b) becomes available to the Parties or their counsel on a non-confidential basis from a source other than the Parties or their counsel, or (c) is obtained outside discovery proceedings in this litigation through lawful means. Nothing in this Protective Order shall restrict the use of disclosure by a party of information that it alone has designated "Confidential."  Nothing in this Protective Order shall make any documents designated as "Confidential" by a party privileged or either inadmissible in evidence in any law and motion matter or at trial, or precluded from production of the "Confidential" documents in formal discovery, or otherwise alter the obligation of Parties to comply with discovery pursuant to the Federal Rules of Civil Procedure, and any Local Rules of the Court.

16. Nothing in this Protective Order shall be deemed to preclude any Party from obtaining, on an appropriate showing, additional protection with respect to the confidentiality of any Information produced in discovery in this action, or other modification of this Order.  The entry of this Protective Order shall neither constitute, nor be used as a basis for, a finding that any Party has waived any objections that it may have to the use, relevance, or admissibility of any Information.

17. The production of any document or other information during discovery in this action, which absent such production would have been in whole or in part privileged under the attorney-client privilege, work-product privilege, or any other applicable privilege, will not release or waive the attorney-client privilege, work-product privilege, or other applicable privilege as to any documents and other information not produced, regardless of its subject matter.

18. This Protective Order shall remain in effect until modified, superseded, or terminated by written consent of all Parties to this action or by further order of this Court.

19. In the event that non-Parties produce documents or information in connection with this action, the Parties agree that production of such documents or information shall be made subject to the provisions of this Protective Order.  The Parties shall agree to meet and designate all production from non-parties as "Confidential" or "Confidential – Attorney's Eyes Only," or neither, prior to any such production being filed, disseminated, released, submitted or made part of the Court file or public record.  In the event the Parties are unable to agree on a designation of said production, the parties may resort to the Court to determine the confidentiality of such information,

1  but shall not produce, file or disseminate any information for production prior to the Court's
2  determination of the classification of the information.

3      20.    In the event that a Party or non-Party witness to which Confidential Information or
4  Confidential Personal Information has been disclosed receives a discovery request, subpoena, order
5  or other form of compulsory process requiring that it (the "subpoenaed Party") produce information,
6  documents, things or other materials that have been designated as Confidential Information or
7  Confidential Personal Information, the subpoenaed Party shall (a) within ten (10) days notify the
8  designating Party of the demand by serving by facsimile upon counsel of record for the designating
9  Party a copy of said demand, and (b) not produce the information sought by the demand until the
10 designating party has had thirty (30) days from the date of service of the copy of said demand to
11 object or take other appropriate steps to protect the information.  If the designating Party elects to
12 resist production of the materials, it shall promptly so notify the subpoenaed Party and the latter
13 shall cooperate in affording the designating Party the opportunity to oppose or limit production of
14 the materials; provided that the designating Party shall bear all expenses, including attorneys' fees,
15 incurred by the subpoenaed Party in connection therewith.

16     21.    Execution of this Protective Order shall not prevent a Party from seeking, upon
17 application to the Court on ten (10) business days' notice, to modify this Protective Order for good
18 cause shown or from seeking such other relief upon good cause shown as may become appropriate
19 or necessary.

20 …
21 …
22 …
23 …
24 …
25 …
26 …
27 …
28 …

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

LV 420349320v1

22. This Protective Order shall be effective immediately when signed and shall survive the conclusion of this litigation.

**ORDER**

**IT IS HEREBY ORDERED.**

DATED: December 1, 2014

_____
United States Magistrate Judge

Respectfully submitted by**:**

**GREENBERG TRAURIG, LLP**

/s/ Donald L. Prunty
Philip M. Hymanson
Donald L. Prunty
Bethany L. Rabe
3773 Howard Hughes Parkway,
Suite 400 North
Las Vegas, Nevada 89169
*Attorneys for Defendants*

*LV 420349320v1*

# EXHIBIT A
## AGREEMENT TO BE BOUND BY ORDER

I have read the Protective Order in the above-captioned case. I understand the terms of the Order, I agree to be fully bound by the terms of the Order, and I hereby submit to the jurisdiction of the United States District Court for the District of Nevada for purposes of enforcement of the Order.

Date: _____

Signature: _____

Signatory's Name, Business Affiliation, and Business Address:

_____

_____

_____

_____

Signatory's Residential Address:

_____

_____

_____

_____

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on November 21, 2014, a copy of the foregoing **STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT** was filed electronically via the Court's CM/ECF system.  Notice of filing will be served on all parties by operation of the Court's CM/ECF system, and parties may access this filing through the Courts' CM/EFC system.

/s/ Cynthia L. Ney
An employee of GREENBERG TAURIG